The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District Miller County Courthouse Texarkana, AR 75502
Dear Mr. Haltom:
This is in response to your request for an opinion, made on behalf of Leroy Autrey, City Attorney for Texarkana, concerning A.C.A. § 9-27-320
(1987), as amended by Acts 69 and 70 of the 1994 Second Extraordinary Session. The provisions relevant to your questions read as follows:
 (a)(1) When a juvenile is arrested for any offense which, if committed by an adult, would constitute a felony, or a Class A misdemeanor wherein violence or the use of a weapon was involved, the juvenile shall be photographed and fingerprinted by the law enforcement agency.
 (2) In the case of an allegation of delinquency, a juvenile shall not be photographed or fingerprinted under this subchapter by any law enforcement agency unless he has been taken into custody for the commission of an offense which, if committed by an adult, would constitute a felony or a Class A misdemeanor wherein violence or the use of a weapon was involved.
With regard to these provisions, Mr. Autrey has posed the following four questions:
 1. Is it a violation of the amended provision for a police officer to photograph individuals aged 10 through 17 in a surveillance situation where the persons are not aware that they are being photographed, such as a surveillance of a particular area where drug activity is flourishing?
 2. Is it a violation of this Act for a police officer to take the fingerprint (thumb) of suspicious persons (aged 10 through 17) who have no identification out on the street, such fingerprinting being solely for the purpose of positively identifying these persons for such things as a traffic ticket?
 3. Does it violate this amended provision for a police officer to photograph a suspicious person stopped on the street, especially if the police officer suspects that the person (aged 10 through 17) is a gang member?
 4. Does the prohibition against fingerprinting and photographing in subsection (a)(2) only apply if there is an allegation of delinquency but not in cases such as the fingerprinting or photographing of suspicious persons who have no identification out on the street which photographing or fingerprinting is for the purpose of positively identifying such persons?
In my opinion, the answer to each of your questions is that § 9-27-320(a) applies only in the context of custodial situations and not to surveillance or street situations; thus there is no violation of the statute under the latter circumstances.
Before its amendment in the 1994 Second Extraordinary Session, subsection (a) of § 9-27-320 read as follows:
 (a) A juvenile shall not be photographed or fingerprinted under this subchapter by any law enforcement agency unless he has been taken into custody on an allegation of delinquency. If the juvenile is adjudicated delinquent for an offense for which he could have been charged as an adult on the delinquent offense, he shall be photographed and fingerprinted and the photographs and fingerprints shall be maintained for a period of ten (10) years.
The statute specifically refers to when a juvenile may be photographed or fingerprinted "under this subchapter." The referenced subchapter is the "Arkansas Juvenile Code of 1989," which purpose, in relevant part, is "[t]o assure that all juveniles brought to the attention of the courts receive the guidance, care, and control . . . which will best serve the emotional, mental, and physical welfare of the juvenile and the best interests of the state." A.C.A. §§ 9-27-301 and -302 (Repl. 1993). The provisions included in the Arkansas Juvenile Code address those situations in which a juvenile is brought under the jurisdiction of court proceedings. Thus, § 9-27-320 only applies, in my opinion, to custodial situations, with the restriction against photographing and fingerprinting being that the juvenile be alleged delinquent.
An examination of the amended provisions reveals, in my opinion, no change in legislative intent in this regard, only greater restrictions on which offenses will justify fingerprinting and the taking of photographs when a youth is brought into custody. Subsection (a)(1) speaks solely to situations in which the juvenile is arrested and specifies for which offenses he may be photographed and fingerprinted. There is no language to suggest that this provision has any applicability to surveillance or field situations. Subsection (a)(2) essentially tracks the language in the former statute but narrows the type of offenses for which identification procedures may be used when a youth is taken into custody.
There is thus no application, and hence no violation, of § 9-27-320(a) with regard to the taking of photographs and fingerprints of juveniles under the circumstances you have described. The use of such procedures in these type situations would, of course, be subject to scrutiny under the Fourth Amendment in terms of whether such methods constitute an unreasonable search or seizure. Perhaps particularly troublesome in this regard is the use of fingerprinting. Careful consideration should be given to established caselaw in this regard. See, e.g., Terry v. Ohio,392 U.S. 1 (1968); A.R.Cr.P. 2.1-3.5 and annotated cases.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB/SLJ:cyh